CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 10 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAULINE R. McFARLANE, | ) | Civil Action No. 7:13cv00146 |
| Plaintiff, | ) | |
| v. | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | |
| | | |
| DANA MARLENE BRADLEY, | ) | Civil Action No. 7:13cv00147 |
| Plaintiff, | ) | |
| v. | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | |
| | | |
| ROBERT EARL HARRIS, JR., | ) | Civil Action No. 7:13cv00148 |
| Plaintiff, | ) | |
| v. | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RANDOLPH E. SMITH, | ) | Civil Action No. 7:13cv00149 |
| Plaintiff, | ) | |
| v. | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | |
| | | |
| RICHARD A. WHITLOW, | ) | Civil Action No. 7:13cv00150 |
| Plaintiff, | ) | |
| v. | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | |
| | | |
| BARBARA J. FILSON, | ) | Civil Action No. 7:13cv00151 |
| Plaintiff, | ) | |
| v. | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | |
| | | |
| CHESTER T. KALINOSKI, | ) | Civil Action No. 7:13cv00152 |
| Plaintiff, | ) | |
| v. | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JAMES WIRT SMITH, JR., | ) | Civil Action No. 7:13cv00153 |
| Plaintiff, | ) | |
| v. | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| TRUDY R. EPPERLY, | ) | Civil Action No. 7:13cv00154 |
| Plaintiff, | ) | |
| v. | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ZACHARY LUCAS FOUTZ *et al*, | ) | Civil Action No. 7:13cv00155 |
| Plaintiff, | ) | |
| v. | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RONNIE A. BROWN, | ) | Civil Action No. 7:13cv00156 |
| Plaintiff, | ) | |
| v. | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RONALD T. COURTNEY, | ) | Civil Action No. 7:13cv00163 |
| Plaintiff, | ) | |
| v. | ) | |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JULIAN D. HOLBROOK, | ) | Civil Action No. 7:13cv00164 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| INSIGHT HEALTH CORP. *et al.*, | ) | |
| Defendants. | ) | By: Samuel G. Wilson<br>United States District Judge |

The plaintiffs in these thirteen separate civil actions originally filed their claims in the Circuit Court for the City of Roanoke against Insight Health Corp. ("IHC"), IHC physicians, and Image Guided Pain Management. Just as in Wingate v. Insight Health Corp., 7:13cv00142 (W.D. Va. May 10, 2013), the plaintiffs' state-court complaints allege that the defendants acted negligently, fraudulently, and in violation of the Virginia Consumer Protection Act by obtaining contaminated methylprednisolone acetate (an injectable steroid commonly used to treat swelling and pain) from the New England Compounding Center ("NECC") and administering it via injections that caused fungal meningitis. After the plaintiffs filed their complaints in state court, IHC removed the actions to federal court based on the claims' purported relation to NECC's ongoing Chapter 11 bankruptcy in the District of Massachusetts. Each plaintiff has filed a motion to remand his or her cause of action to state court, each arguing that IHC's removal petition was untimely and jurisdictionally deficient. Failing that, they argue, the court should

abstain from exercising related-to jurisdiction, or should remand the action on equitable grounds. IHC's codefendants, Dr. John Mathis, Dr. Robert O'Brien, and Image Guided Pain Management, have joined in the plaintiffs' motions. As in Wingate v. Insight Health Corp., the court assumes without deciding that it has related-to jurisdiction over these matters, but finds that the notice of removal in each case was untimely[1] and remands the claims on that basis. See 28 U.S.C. § 1334(a) (extending federal jurisdiction to proceedings that are "related to" cases under Title 11); § 1452 (providing for removal of claims based on related-to jurisdiction); Fed. R. Bankr. P. 9027(a)(3) (establishing the timing of removal); In re Celotex Corp., 124 F.3d 619, 629 (4th Cir. 1997) (noting that the Bankruptcy Rules apply to cases grounded on related-to jurisdiction). In the alternative, and essentially for the reasons the court stated in Wingate v. Insight Health Corp., the court abstains from hearing these matters pursuant to the mandatory abstention provision in

---

[1] See McFarlane v. Insight Health Corp., 7:13cv00146 (complaint filed in state court and e-mailed to opposing counsel December 28, 2012; removed to federal court April 8, 2013); Bradley v. Insight Health Corp., 7:13cv00147 (complaint filed in state court and e-mailed to opposing counsel December 28, 2012; removed to federal court April 8, 2013); Harris v. Insight Health Corp., 7:13cv00148 (complaint filed in state court January 7, 2013; complaint e-mailed to opposing counsel on January 8, 2013; removed to federal court April 8, 2013); Smith v. Insight Health Corp., 7:13cv00149 (complaint filed in state court and e-mailed to opposing counsel January 8, 2013; removed to federal court April 8, 2013); Whitlow v. Insight Health Corp., 7:13cv00150 (complaint filed in state court January 7, 2013; complaint e-mailed to opposing counsel on January 8, 2013; removed to federal court April 8, 2013); Filson v. Insight Health Corp., 7:13cv00151 (complaint filed in state court and e-mailed to opposing counsel December 28, 2012; removed to federal court April 8, 2013); Kalinoski v. Insight Health Corp., 7:13cv00152 (complaint filed in state court and e-mailed to opposing counsel December 28, 2012; removed to federal court April 8, 2013); Smith v. Insight Health Corp., 7:13cv00153 (complaint filed in state court and e-mailed to opposing counsel December 28, 2012; removed to federal court April 8, 2013); Epperly v. Insight Health Corp., 7:13cv00154 (complaint filed in state court and e-mailed to opposing counsel December 28, 2012; removed to federal court April 8, 2013); Foutz v. Insight Health Corp., 7:13cv00155 (complaint filed in state court January 2, 2013; complaint e-mailed to opposing counsel January 3, 2013; removed to federal court April 8, 2013); Brown v. Insight Health Corp., 7:13cv00156 (complaint filed in state court and e-mailed to opposing counsel March 1, 2013; removed to federal court April 8, 2013); Courtney v. Insight Health Corp., 7:13cv00163 (complaint filed in state court February 15, 2013; complaint e-mailed to opposing counsel February 18, 2013; removed to federal court April 8, 2013); Holbrook v. Insight Health Corp., 7:13cv00164 (complaint filed in state court and e-mailed to opposing counsel February 11, 2013; removed to federal court April 8, 2013).

28 U.S.C. § 1334(c)(2)[2] and also remands them on equitable grounds pursuant to 28 U.S.C. § 1452(b). Accordingly, the court grants the plaintiffs' motions to remand.

**ENTER:** May 10, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] All indications are that the state court will timely adjudicate these matters, along with Wingate v. Insight Health Corp.. In any event, the "correct inquiry is not where litigation would move the fastest, but whether it can be timely adjudicated in state court at all." Power Plant Entm't Casino Resort Ind., LLC v. Mangano, 484 B.R. 290, 297 (D. Md. 2012). Plaintiffs' counsel represented during oral argument that the parties had conducted a lengthy conference with the state judge and had formulated a plan in which the court would use Wingate as the lead case to address the legal and factual issues and would consolidate the rest of the cases for discovery. The affidavits and other filings in these cases show that the state proceedings were moving quickly and that the state judge had made clear his intention to move the cases forward and had even entered partial summary judgment in a number of them. In fact, it appears that the only thing impeding timely adjudication on the merits is this detour to federal court.